FILED

2018 APR ~3  PM 4: 54

~~~, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ _____
DEPUTY

| | | |
|---|---|---|
| **STEPHEN TYLER DAWE,** | § | |
| Reg. No. 26361-051, | § | |
|     **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-18-CV-92-DCG** |
| | § | |
| **S. NICKLIN, Warden,** | § | |
|     **Respondent.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Stephen Tyler Dawe seeks Court intervention through a "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 (ECF No. 1). He asks the Court to order Respondent S. Nicklin to consider him for twelve months' placement in a residential reentry center ("RRC") program, in accordance with his understanding of the Second Chance Act. Pet'r's Pet. at 2, 18, ECF No. 1. The Court finds it appears from the face of Dawe's petition that his claims are unexhausted and, in the alternative, that he is not entitled to § 2241 relief. Accordingly, the Court will dismiss Dawe's petition. 28 U.S.C. § 2243 (2012).

## BACKGROUND

In the early morning hours of September 29, 2014, a detective from the Albuquerque, New Mexico, Police Department contacted a special agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosives. The detective advised the special agent that Stephen Tyler Dawe was in custody undergoing questioning for a possible kidnapping and conspiracy to commit a violent felony. The detective explained Dawe, a convicted felon, was found in possession of an altered Stevens, model 94, single-shot, 12-gauge shotgun.

Dawe pleaded guilty to a federal indictment charging him with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced him to 60 months' imprisonment followed by three years' supervised release. J., ECF No. 40, *United States v. Dawe*, 1:14-CR-3422-1WPJ (D. N.M. July 14, 2015).

Dawe, now a prisoner at the La Tuna Federal Correctional Institution, in Anthony, Texas,[1] claims he "has a projected release date of Feb. 5th, 2019." Pet'r's Pet. at 1. He asks the Court to order Nicklin to consider him for RRC placement for twelve months, or "the maximum amount of time," before his ultimate release from Bureau of Prisons' ("BOP") custody. *Id.* at 18.

## APPLICABLE LAW

A writ of habeas corpus under 28 U.S.C. § 2241 provides a basis for relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2012). It provides the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243 (2012).

## ANALYSIS

### A. Failure to Exhaust Administrative Remedies

An initial issue a court must address when screening a § 2241 petition is whether the petitioner has exhausted his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial limits of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

1994) (per curiam). A petitioner seeking habeas relief must first exhaust all administrative remedies that might provide appropriate relief. *Id.*; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions may be made only in "extraordinary circumstances," which the petitioner bears the burden to establish. *Id.*

Dawe concedes he has not exhausted his claims through the BOP administrative review process. Pet'r's Pet. at 7-18. He asks the Court to excuse him from exhausting "due to futility." *Id.* at 14.

The BOP uses a three-tiered Administrative Remedy Program to review inmate complaints relating to all aspects of their imprisonment. 28 C.F.R. §§ 542.10 *et seq.* A federal prisoner must generally pursue the procedures set forth in the program prior to seeking relief in a district court. *Rourke*, 11 F.3d at 49. Thus, Administrative remedies are available and not wholly inappropriate to obtaining relief from aspects of imprisonment that Dawe seeks.

Dawe claims that "[b]y the time a full exhaustion could be had, the Petitioner would then be inside the twelve months before his release date making his petition essentially moot." Pet'r's Pet. at 17. Dawe gives no indication he even initiated the administrative review process. While exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973). Dawe has not shown an attempt to exhaust his administrative remedies would be a patently futile course of action.

Dawe also claims the BOP "has taken a position that they are not placing anyone in an RRC for longer than six months despite the Act granting all inmates the right to be considered for up to twelve months." Pet'r's Pet. at 15. Specifically, he claims former BOP Director Harley Lappin[2] "has taken a strong position on the issue [of allowing prisoners more than six months in RRC placement] and has thus far been unwilling to reconsider." *Id.* at 11.

If the BOP fails in some way to timely and correctly evaluate Dawe for placement in a residential reentry center, the BOP, not a court, should have the first opportunity to rectify any error. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991) (explaining an agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Once again, Dawe has not shown an attempt to exhaust administrative remedies would be a patently futile course of action.

In sum, Dawe provides nothing to show the type of extraordinary circumstances needed to justify failure to exhaust administrative remedies, and dismissal is warranted on that basis alone. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition arguing violation of the Second Chance Act for failure to exhaust administrative remedies). Moreover, even if Dawe had exhausted his administrative remedies, he would still not be entitled to relief.

### B. The Petition Fails on the Merits

The Court notes that two statutes govern the BOP's discretion to place an inmate. The

---

[2] Harley Lappin served as the Director of the Bureau of Prisons from April 4, 2003, until May 7, 2011. *See* http://www.allgov.com/news/ appointments-and-resignations/ bureau-of-prisons-director-resigns-after-arrest-for-drunk-driving-who-is-harley-lappin?news=84 2441, last visited Apr. 2, 2018.

first statute, 18 U.S.C. § 3621(b), grants the BOP the authority and discretion to designate the place of confinement. Under § 3621(b), the BOP:

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise [such as a halfway house] and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.

18 U.S.C. § 3621(b) (2012). In making this determination, the BOP must consider "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission[.]" *Id.*

The second statute, the Second Chance Act, Pub. L. 110–199, 122 Stat. 692 (Apr. 9, 2008), directs "a shift from policing those on parole to rehabilitating them" and places on the "parole system . . . an increasing special obligation to help federal offenders successfully reenter into society." *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). The Act authorizes funding for drug treatment, job training and placement, educational services, and other services or support needed to rehabilitate prisoners and reduce recidivism. *Id.* The Act also addresses home confinement and RRC placement. 18 U.S.C. § 3624(c) (2012). Relevant to the instant petition, the Act modifies 18 U.S.C. § 3624(c) to grant BOP staff the discretion to place a prisoner in a community corrections facility for up to twelve months, instead of limiting that time to six months as permitted by the prior law. *Id.* The Act also directs the BOP to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C)

of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* § 3624(c)(6). The BOP adopted regulations implementing this law, codified at 28 C.F.R. §§ 570.20–.22, effective October 21, 2008. Both the statute and the regulations instruct the BOP to make a determination on the amount of time a prisoner should spend in RRC placement "on an individual basis." *Id.*; 28 C.F.R. § 570.22.

The Supreme Court has consistently held that a prisoner has no constitutional right to be confined in any particular prison. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). The Attorney General, and by delegation the BOP, has exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).[3]

Moreover, Dawe is not entitled to judicial relief for an alleged "violation of his Fifth

---

[3] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 94-473, Title 2 II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b).

Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir.1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *accord Nativi–Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir.2003); *see also Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003) ("Since discretionary relief is a privilege . . ., denial of such relief cannot violate a substantive interest protected by the Due Process clause."); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (alteration in original) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

Thus, the BOP has exclusive authority and discretion to determine if and when to assign an inmate to a residential program. Even if Dawe had exhausted his remedies through the BOP's administrative review process, he would still not be entitled to relief from the Court. Dawe's petition fails on the merits.

## CONCLUSIONS AND ORDERS

Accordingly, the Court finds that Dawe has not exhausted his administrative remedies and that he has no constitutional or statutory right to RRC placement. The Court concludes that Dawe is not entitled to § 2241 relief.

The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Stephen Tyler Dawe's "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** because appears from the face of his petition that his claims are not administratively exhausted and, in the

alternative, he is not entitled to 28 U.S.C. § 2241 relief.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this ___3rd___ day of April, 2018.


_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**